FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 22 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY BELFIORE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION<br><br>14-CV-4090<br><br>Related cases:<br><br>14-CV-1142<br><br>15-CV-2909<br><br>15-CV-2910<br><br>15-CV-2928<br><br>15-CV-4579 |



**Appearances**

| | |
|---|---|
| **Anthony Belfiore:** | **Lester L. Levy**<br>**Michele Fried Raphael**<br>**Roy Herrera**<br>**Sean Michael Zaroogian**<br>**Matthew Insley-Pruitt**<br>**Robert Scott Plosky**<br>Wolf Popper LLP<br>845 Third Avenue, 12th Floor<br>New York, NY 10022<br>(212)759-4600<br>llevy@wolfpopper.com<br>mraphael@wolfpopper.com<br>szaroogian@wolfpopper.com<br>minsley-pruitt@wolfpopper.com<br>rplosky@wolfpopper.com |
| **The Procter and Gamble Company:** | **Emily Henn**<br>Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>(650) 632-4715<br>ehenn@cov.com<br><br>**Andrew D. Schau**<br>**Claire Catalano Dean**<br>**Michael Sochynsky**<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 841-1078<br>aschau@cov.com<br>ccdean@cov.com<br>msochynsky@cov.com<br><br>**Cortlin Lannin**<br>**Sonya Winner**<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>(415) 591-6000<br>clannin@cov.com<br>swinner@cov.com |

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ..................................................................................................................1
II. Procedural Background ...............................................................................................2
III. Standard for Motion for Reconsideration ...................................................................2
IV. Discussion ...................................................................................................................4
   A. Stay of class certification and referral to the FTC ...............................................4
   B. Present denial of damages class certification .......................................................5
V. Stay does not affect settlement discussions ................................................................8
VI. Conclusion ...................................................................................................................9

## I. Introduction

This case is a putative class action of consumers who purchased wipes manufactured by defendant marked "flushable." Sought is class certification supporting both monetary and injunctive relief as follows: (1) statutory (fifty dollars per purchase) or actual damages pursuant to the New York General Business Law; (2) individual plumbing damages; and (3) an injunction preventing defendant from labeling its product "flushable" and "safe for sewer and septic systems." *Belfiore v. Procter & Gamble Co.*, No. 14-CV-4090, 2015 WL 5781541, at *1 (E.D.N.Y. Oct. 5, 2015).

Five related actions are pending in this court. Similar cases have been brought by consumers as well as municipalities in other jurisdictions. *Id.* at Section III.A.

The Federal Trade Commission ("FTC") has been investigating the use of the term "flushable." It filed a complaint on May 18, 2015 against a competitor of defendant—Nice-Pak

Products, Inc. ("Nice-Pak")—which manufactures "flushable" wipes and is a defendant in one of the putative class actions currently pending in this court. In its complaint, the FTC alleged, among other things, that the representations made by Nice-Pak in relation to the "flushability" of the wipes were unsubstantiated and amounted to "unfair or deceptive acts or practices." The FTC subsequently released a proposed agreement and consent order with Nice-Pak. *See id*. at Section III.B. The FTC has also commenced an ongoing informal inquiry into defendant's activities, which appears to focus on "flushability" representations. *Id*. at Section III.C.

## II. Procedural Background

On October 5, 2015 the court issued a comprehensive memorandum and order staying class certification motions and referring issues to the FTC, including the determination of an appropriate definition of "flushable," pursuant to the primary jurisdiction doctrine. *Id*. at *51-52.

On October 9, plaintiff moved to reconsider the court's October 5 memorandum and order. *See* Hr'g Tr., Oct. 9, 2015, 14-CV-1142. He seeks reconsideration of the court's decision: (1) to stay class certification pending action by the FTC; (2) assuming that plaintiff waived price premium damages claims; and (3) prospectively denying certification of a money damages class. Pl.'s Mem. in Supp. of Recons., Oct. 16. 2015, ECF No. 157 ("Pl.'s Mem.").

## III. Standard for Motion for Reconsideration

Local Civil Rule 6.3 governs motions for reconsideration. It provides:

> [N]otice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Rule 6.3.

2

The rule "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *T.Z. v. City of N.Y.*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (quoting *Ades v. Deloitte & Touche*, 843 F. Supp. 888, 890 (S.D.N.Y. 1994); *see also Ferring B.V. v. Fera Pharm., LLC*, No. 13–CV–4640, 2015 WL 5307793, at *1 (E.D.N.Y. Sept. 10, 2015). A motion for reconsideration is not to be used as a substitute for appeal. *T.Z.*, 634 F. Supp. 2d at 268. "An attempt to . . . relitigate an issue that was already decided will not be granted reconsideration." *In re Zyprexa Products Liability Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing *Wall v. Constr. & Gen. Laborers' Union*, No. 06-1264-CV, 2009 WL 230122, at *1 (2d Cir. Feb. 2, 2009)). In a motion for reconsideration, a party may not introduce new facts or raise new arguments that could have been previously presented to the court. *See Ferring B.V.*, 2015 WL 5307793, at *2; *Frey v. Bekins Van Lines, Inc.*, No. CV 09–5430, 2012 WL 2701642, at *1 (E.D.N.Y. July 5, 2012) (quotation omitted); *see also Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quotation omitted).

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also T.Z.*, 634 F. Supp. 2d at 267-68; *Zyprexa*, 653 F. Supp. 2d at 182.

A motion for reconsideration will only be granted on one of the following three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Frey*, 2012 WL 2701642, at *1 (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Zyprexa*, 653 F. Supp. 2d at 182.

3

The court has wide discretion to grant or deny a motion for reconsideration. *See T.Z.*, 634 F. Supp. 2d at 268 (citing *Devlin v. Transp. Commc'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999)).

Plaintiff has not established a reason for reconsideration. The motion for reconsideration is denied.

## IV. Discussion

### A. Stay of class certification and referral to the FTC

The named plaintiff argues that stay of a class certification ruling and referral to the FTC are not warranted because: (1) the FTC has already provided a definition of "flushable" in its draft consent order with Nice-Pak; and (2) staying the case would cause undue and detrimental delay to consumers purchasing defendant's "flushable" wipes. Pl.'s Mem. at Section I. He suggests that the definition provided by the FTC in the draft consent order with Nice-Pak is sufficient "to guide courts and legislative bodies to a 'single national resolution,'" and that, "albeit not required, other flushable wipe manufacturers appear willing to accept this definition." Pl.'s Mem. at 2 (internal citations omitted). The definition of "flushable" presently included in the draft consent order between the FTC and Nice-Pak is as follows:

> disperses in a sufficiently short amount of time after flushing to avoid clogging, or other operational problems in, household and municipal sewage lines, septic systems, and other standard wastewater equipment.

*In the Matter of Nice-Pak Products, Inc., Agreement Containing Consent Order*, No. 132-3272, May 18, 2015, https://www.ftc.gov/system/files/documents/cases/150518nice-pakorder.pdf.

The court considered the availability of the above definition of "flushable" when it stayed the motions relating to class certification and respectfully referred relevant issues to the FTC. *See Belfiore*, 2015 WL 5781541, at *14. The definition of "flushable" referred to by plaintiff is part of a non-final consent order between the FTC and only one other manufacturer—Nice-Pak. The

actions currently pending before this court and in other jurisdictions involve a multitude of manufacturers and sellers, all of which sell or produce "flushable" wipes. The parties, as well as others, have provided numerous definitions of "flushable." *Id.* at Section IV. Plaintiff correctly points out that although some defendants might voluntarily adhere to the FTC's proposed definition with Nice-Pak, they are not required to do so.

Referral to the FTC in the present case is appropriate. The FTC is specifically granted broad power to regulate advertising and should be afforded the opportunity to determine a uniform definition of "flushable" applicable on a national, and perhaps international, basis. *See* Hr'g Tr., Oct. 21, 2015, 14-CV-4090, at 5:1-4; 12:21-25; *cf.* STEPHEN BREYER, THE COURT AND THE WORLD: AMERICAN LAW AND THE NEW GLOBAL REALITIES 107 (2015) (noting that the role of the courts includes "[helping] potentially conflicting laws of different nations work together in harmony—a harmony particularly needed in today's highly interdependent commercial world"). As noted in the October 5 memorandum and order, allowing the FTC to develop a common definition of "flushable" reduces the substantial risk of inconsistent judgments and facilitates the prospect of an injunctive class settlement, aiding manufacturers, retailers, and the public. *See Belfiore*, 2015 WL 5781541, at Section X.C.

The plaintiff has expressed concern that referral to the FTC may cause undue delay. The court has already specified that it may lift the stay "to avoid unnecessary delays or for other reasons." *Id.* at *50.

**B.     Present denial of damages class certification**

Plaintiff requests that the court reconsider its prospective denial of a damages class certification. Plaintiff argues that: (1) it has not waived its claim for premium damages (Pl.'s Mem. at Section II.A); (2) it is "willing to move forward with a certified damages class consisting solely

of a class-wide entitlement to price premium damages" (Pl.'s Mem. at 5); and (3) the court "improperly used the discretionary superiority concern to avoid eventually having to follow *Shady Grove.*" Pl.'s Mem. at 6 (citing *Guido v. L'Oreal, USA, Inc.*, 11-CV-1067, 2014 WL 6603730, at *18 (C.D. Cal. July 24, 2014) ("the Court declines to contravene *Shady Grove* under guise of a Rule 23(b)(3) superiority analysis.")). The plaintiff relies on cases where federal courts provided class certification in actions seeking to recover statutory damages under *Shady Grove*. *See, e.g., Guido v. L'Oreal, USA, Inc.*, 11-CV-1067, 2013 WL 3353857, at *17 (C.D. Cal. July 1, 2013) (finding that "although allowing the New York class to pursue statutory damages appears to contravene New York procedural law, this outcome is required under *Shady Grove.*"); *Moreira v. Sherwood Landscaping Inc.*, No. CV 13-2640, 2015 WL 1527731, at *6 (E.D.N.Y., Mar. 31, 2015) (allowing class certification of liquidated damages under New York Labor Law); *Morris v. Alle Processing Corp.*, No. 08-CV-4874, 2013 WL 3282948, at *1-2 (E.D.N.Y. June 27, 2013) (confirming order "allowing plaintiffs to maintain their liquidated damages claims [under New York Labor Law] in light of *Shady Grove.*"); *In re Wellburtin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 679-80 (E.D. Penn. 2010).

In its October 5 memorandum and order, the court stayed—but did not rule on—the question of class certification. Plaintiff's motion to reconsider the issue of denial of certification is premature.

The court reaffirms as presently appropriate what it had declared in the October 5 memorandum and order and at the October 21 hearing on plaintiff's motion for reconsideration: If the court were to grant money damages class certification *now*, it would be bound by *Shady Grove* to allow plaintiff's statutory damages claim. *See Belfiore*, 2015 WL 5781541, at *26 (stating that *Shady Grove* "is binding on federal courts . . . . Once certified, a class action in federal

court would not be influenced by § 901(b) under *Shady Grove*."); Hr'g Tr., Oct. 21, 2015, 14-CV-4090, at 12:3-4; 12:11-13. New York General Business Law § 349(h) allows injured consumers to bring an action to recover *either* actual damages or fifty dollars per purchase, whichever is *greater*. The actual damages at issue in the present case (the price premium of the difference between wipes labeled "flushable" compared to other moist wipes not so labeled) are likely to be quite small compared to the fifty dollars per purchase statutory damages provided by § 349(h). If a damages class certification under *Shady Grove* were granted *now*, the class representative would have to seek the higher statutory amount, given his fiduciary obligation to attempt to obtain the best deal possible for class members. The court reserves the right to modify or reject this position when the stay is lifted.

In its memorandum and order the court noted that its present view on a damages class was based "primarily on the ground that certification would violate important New York State policy," because of *Shady Grove*. *Belfiore*, 2015 WL 5781541, at *41. But, the court considered other factors relevant to an analysis under Rule 23(b)(3) of the Federal Rules of Civil Procedure. They include the difficulty in determining actual damages, the availability of non-judicial alternatives such as refund programs, and the superiority of FTC administrative remedies in this case. *Id.* at *41-44 ("Not only does the FTC's mandate encompass investigating deceptive practices in the labeling of consumer goods . . . the agency is *already* considering 'flushable' claims made by this defendant, and those of at least one other manufacturer.") (emphasis in original); *see also* Hr'g Tr., Oct. 21, 2015, 14-CV-4090, at 9:6-9; 10:1-3. As noted above, this view is subject to reconsideration when the stay is lifted.

Plaintiff's suggestion to proceed *now* with class certification on the basis of premium-only damages was raised at the October 9, 2015 hearing in the related *Kurtz v. Kimberly-Clark Corp.*

7

case. At the hearing, the court noted that it was prepared to consider this option at some future point in the litigation, but it decided not to rule on the issue now. Instead, the court reasserted its decision to wait for the FTC to act:

> MR. LEVY: My second question, based on the colloquy I heard today on the damage issue, you asked Mr. Reich whether he would give up the $50 claim and just go on a price-premium damage theory. Do we have that option in Belfiore, and if so, would you be inclined to grant a damage class?
>
> [...]
>
> MR. LEVY: Would you be inclined to grant a damage class if we waived the $50?
>
> THE COURT: *I would have to think about it*.

Hr'g Tr., Oct. 9, 2015, 14-CV-1142, 23:1-9 (emphasis added).

> THE COURT: Are you willing to waive the $50 statutory claim?
>
> MR. LEVY: I would consider it. If the option is no damages, I would consider waiving that and get the price-premium damages.
>
> THE COURT: Realistically, I would assume if the FTC, within a reasonable time, came down with a reasonable decision which would be embodied in its order and possibly in the court, in terms of an injunction, that the damage issue with respect to price premium would be settled, because there's not going to be a big number there, and I would imagine the number of consumers that would ask for it would, as in most of these cases, not be bothered.

Hr'g Tr., Oct. 9, 2015, 14-CV-1142, 23:16-24:2.

### V.   Stay does not affect settlement discussions

As indicated at the October 21 hearing, the stay does not prevent the parties from attempting to reach an acceptable class settlement, while the FTC considers the matter. There may be a variety of appropriate settlements. For example, the court is prepared to consider the following settlement terms:

(1) A class action nationally or by states;

(2) With respect to money damages, an agreement providing that anyone within the class who purchased "flushable" wipes within the last year or so would be given a full refund if unsatisfied with the product because it was believed by the consumer not to be "flushable;"

(3) With respect to injunctive relief, an injunction requiring that the labeling "flushable" and "safe for sewer and septic systems" meet the requirements being used by the FTC, or an equivalent; and

(4) Attorney's fees for plaintiffs' counsel.

The magistrate judge could assist in settlement negotiations, the court could appoint a special master, or the parties could agree on a person or persons to assist in negotiations.

Individual plumbing damages on a class basis are not acceptable. *See Belfiore*, 2015 WL 5781541, at *32, 37. The parties can compensate consumers for these damages voluntarily or the court could try individual plumbing damages cases or dispose of them individually by motion.

## VI. Conclusion

For the reasons stated above, as well as orally and on the record at the October 9 and October 21 hearings, plaintiff's motion to reconsider the court's memorandum and order of October 5, 2015 is denied. This case, as well as all related cases pending in this court (14-CV-1142, 15-CV-2909, 15-CV-2910, 15-CV-2928, 15-CV-4579) are respectfully referred to the magistrate judge for the purpose of settlement.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

October 22, 2015
Brooklyn, New York